IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

ROSANNE THERESA WEST,

    Plaintiff,

v.

SCHOOL BOARD OF ALLEGHANY
COUNTY, d/b/a "ALLEGHANY COUNTY
PUBLIC SCHOOLS"

Case No: 7:20CV00668

JURY TRIAL DEMAND

Serve:

    Jacob L. Wright, Chairman

    School Board of Alleghany County
    199 Central Circle
    Low Moor, Virginia 24457

    Defendant.

## COMPLAINT

COMES NOW, Plaintiff Rosanne Theresa West (hereinafter, "Ms. West" or "Plaintiff"), by counsel, and states as her Complaint against Defendant School Board of Alleghany County d/b/a "Alleghany County Public Schools" (hereinafter, "SBAC" or "Defendant"), the following:

### I. JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter as it arises from the federal questions presented by the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA"), and Title VII of the Civil Rights Act of 1964, as codified under 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). *See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

1

2. Venue is appropriate as the acts and/or omissions of Defendant, from which the causes of action arise, occurred within the Western District of Virginia. *See* 28 U.S.C. § 1391(b)(2).

3. Due to its contacts within the Commonwealth of Virginia, Defendant avails itself to the jurisdiction of this Court.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around September 5, 2019. Plaintiff received a Dismissal and Notice of Rights from the EEOC dated August 20, 2020, attached hereto as **EXHIBIT A**. Plaintiff files suit within ninety (90) days of receipt of that Dismissal and Notice of Rights.

## II. THE PARTIES

5. Ms. West was born in 1961[1], and is a resident of Botetourt County, Virginia.

6. SBAC is a school board operating in Alleghany County, Virginia. SBAC administers public K through 12 education within public schools to the citizens of Alleghany County.

## III. FACTUAL ALLEGATIONS

7. Rosanne Theresa West was hired by SBAC in August of 2009 as a Special Education Teacher. Additionally, Ms. West served as the School Based Intervention Teach Chair over the Special Education Department. In January of 2017, Ms. West transferred from her position within the Special Education Department and began working in the Turning Point Alternative Education Program ("Turning Point"). Ms.

---

[1] Ms. West's exact date of birth is not included due to privacy concerns, and due to filing requirements as per the United States District Court, Western District of Virginia Local Rules.

West's current title is Lead Instructor of Turning Point, and she has worked continuously within this program as of the date of the filing of this pleading.

8. At the time that Ms. West began her role at Turning Point, the students course passage rate was approximately fifty percent (50%). Ms. West implemented new processes, structure, and disciplinary controls. By the end of Ms. West's first semester at Turning Point, the course passage rate had jumped to approximately ninety percent (90%).

9. At no time has SBAC provided a written job description of a Lead Instructor at Turning Point to Ms. West.

### A. SBAC Directs Ms. West to Work Additional Duties and Days for Teacher Pay

10. In August of 2018, SBAC assigned and directed Ms. West numerous administrative duties beyond her normal job duties as a Lead Instructor. These administrative duties include the following[2]:

   1. Administering discipline, including Out-of-School Suspensions (OSS);
   2. Entering all discipline referrals into the Powerschool database system;
   3. Coordination of transportation needs for Turning Point students requiring coordination directly with the head of transportation, Marion Nicely;
   4. Development of students' curriculum needs and schedules;
   5. Reporting chronic absenteeism to appropriate personnel for truancy referrals;
   6. Preparing and submitting Turning Point students' progress information for local Virginia state courts for students on probation;

---

[2] This list is non-exhaustive.

7. Participating in the evaluation of Turning Point staff in conjunction with the Assistant Principal assigned to oversee Turning Point from Alleghany High School;

8. Attend all IEP and 504 meetings and ensure that all students receive their required services and accommodations;

9. Complete and submit all referrals for Therapeutic Day Treatment (TDT) services for TP students who meet the criteria and have a need;

10. Scheduling, coordinating, and conducting all TP Entrance meetings with parents, building level administrators, guidance counselors, Director of Secondary Instruction (for ISAEP students only), and students; and,

11. Attend Administrative Seminars for ALL Assistant Principals; seminars conducted by Fred Vaughan, Director of Human Resources.

11. Prior to August of 2018, Ms. West had worked under a 200-day employment contract as directed by SBAC. This contract provided that Ms. West work for 200 days per year for SBAC. However, on August 18, 2018, SBAC directed Ms. West to work a 220-day contract, extending her duties an additional twenty days. This contract provided a teacher-level salary of $59,194.00.

### B. Similarly Situated Male Employees Paid More

12. Given the duties Ms. West was expected to fulfill, SBAC should have paid Ms. West as an administrator, not a teacher. Upon information and belief, similarly situated male employees of SBAC with administrative duties and expectations similar to those of Ms. West, are paid a higher administrator salary in contrast to the salary of a teacher.

13. Similarly situated male employees that worked for SBAC were provided salary beyond mere teacher-pay, thus creating a situation of continuing disparate pay predicated

upon a discriminatory basis. Upon information and belief, similarly situated male employees have not been directed to work additional days with additional duties without pay in excess of $59,194.00 per year.

14. SBAC utilizes a "step" system to administer salaries to employees. This system is similar to a pay band salary system. SBAC administers the assignment of salaries within the step system in an illegitimate way that provides more compensation to male employees in comparison with female employees.

### C. Repeatedly Rejected for Promotion

15. Additionally, Ms. West has applied for a total of twelve positions in the administration to fill the role of either a principal or assistant principal. She has been rejected for hire/promotion every time with the sole exception that in May of 2016, Ms. West was offered an assistant principal position at an elementary school.

16. Just prior to being offered this elementary school position, Ms. West had emailed the Director of Human Resources to express interest in two vacant Assistant Principal positions at Alleghany High School. She was then granted an interview for these positions. At the interview, the Superintendent informed her of a vacancy in an Assistant Principal position at an elementary school. Ms. West possesses twenty-three years of experience in secondary education. Ms. West suspected that SBAC offered her this position to set herself up for failure. Ms. West explained that she would excel in secondary education and rejected this offer. Ms. West indicated in her interview that she was seeking a position at the high school level and was not interested in working in the elementary school. Ms. West was not offered any Assistant Principal position in the high school.

17. Ms. West is highly qualified for an administrative position in secondary education working for SBAC. She possesses an advanced degree in Administration and Supervision PreK-12 unlike several of the assistant principals and principals within the current administration of SBAC. Due to her education and experience, Ms. West is overly qualified for a position as either a principal or assistant principal in secondary education. Ms. West was particularly over-qualified in comparison to two administrators hired by SBAC that did not possess the requisite credentials of administrative degrees in contrast to Ms. West.

### D. SBAC Prefers Hiring and Promoting Less Qualified Younger Male Employees

18. In late April of 2019, Ms. West applied for an advertised principal position but was later told by Director of Human Resources Fred Vaughan she was not selected for an interview for the position. A younger male applicant was selected for this job.

19. Similarly, in late May of 2019, two assistant principal positions became available for hire. Again, Ms. West contacted the Director of Human Resources to express her desire for one of these positions to which she was overly qualified. In early June of 2019, Ms. West was informed that again, she was not selected for an interview and would not receive the position. Instead, as before, these positions were given to two younger male hires.

20. Ms. West's age and/or sex have been used by SBAC as criteria not to hire/promote Ms. West to a position within the administration of SBAC. Six of the last seven positions that she applied for were all given to younger males. She remains more qualified than the younger male applicants that received each position. Upon information and belief, unlike

Ms. West, SBAC hired younger male employees that did not possess advanced degrees or credentials possessed by Ms. West.

21. Ms. West was provided an eleven-month contract for her role as Lead Instructor at Turning Point. This role incorporates many administrative duties not typically associated with a teaching position. However, these duties are shared by administrators such as Assistant Principals. But Assistant Principals are given twelve-month contracts to manage their obligations. Twelve-month contracts provide Assistant Principals with greater pay than Ms. West. In addition to her administrative duties, Ms. West was responsible for providing academic instruction to students in approximately thirty-four (34) core subjects and multiple elective courses from 6th through 12th grades.

22. Numerous younger male employees have been offered Assistant Principal positions with higher pay than Ms. West. These comparators include Ty Dobbs, Garry Marshall, Dave Dunstan, Marty Wood, Devan Nicely, and Lucas Conner.

23. Moreover, Ms. West suffers under a continuous disparate pay scheme in which similarly situated male employees are paid more than she. All of these factors support the fact that SBAC has violated Title VII of the Civil Rights Act of 1964, as codified under Title 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age Discrimination and Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA").

**COUNT I:  CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADEA**

24. Ms. West incorporates by reference herein the preceding paragraphs of this Complaint.

25. At all times relevant to this Complaint, Ms. West was within the protected age class as defined by the ADEA and protected from age discrimination by the ADEA.

26. At all times relevant to this Complaint, Ms. West has been performing her work at a satisfactory level and meeting the legitimate business expectations of SBAC.

27. During her employment with SBAC, Ms. West experienced unwelcome discrimination based upon her age.

28. SBAC would not have refused to promote Ms. West to an administrative position, but for Ms. West's age.

29. Any reasons cited by SBAC for SBAC's refusal to promote Ms. West were pretextual as Ms. West's work performance was meeting legitimate business expectations and she was over-qualified for the position, particularly in comparison to the younger applicant pool.

30. SBAC maintained a pattern of promoting younger employees as opposed to Ms. West, despite her qualifications.

31. As a direct and proximate result of SBAC's actions, Ms. West has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

32. At all times material hereto, SBAC engaged in discriminatory practices with malice or reckless indifference to the federally protected rights of Ms. West so as to support an award of liquidated damages.

33. The above-described acts by SBAC and employees of SBAC constitute discrimination in violation of the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA").

## COUNT II: SEX DISCRIMINATION/SEX-BASED WAGE DISCRIMINATION PURSUANT TO TITLE VII

34. Ms. West incorporates by reference herein the preceding paragraphs of this Complaint.

35. Ms. West is a female and is protected from sex discrimination by Title VII.

36. SBAC has discriminated against Ms. West by treating her differently from and less preferably than similarly situated male employees and subjecting her to discriminatory pay, discriminatory denials of pay raises associated with promotion, and other differential treatment on the basis of her sex.

37. Ms. West was not paid compensation equal to the compensation paid to male employees of equal skill, effort, and responsibility.

38. SBAC's policies, practices, and/or procedures have had a disparate impact on Ms. West with respect to the terms and conditions of her employment.

39. SBAC violated federal law by permitting a work environment to exist that was discriminatory to Ms. West.

40. SBAC would not have subjected Ms. West to discriminatory pay, discriminatory denials of pay raises, discriminatory failures to promote or hire Ms. West, or taken the other discriminatory actions against Ms. West but for Ms. West's sex. Alternatively, Ms. West's sex was a motivating factor in SBAC's actions.

41. SBAC favors both paying male employees more than female employees and favors promoting / hiring male employees over similarly qualified or over-qualified candidates such as Ms. West.

42. Because the actions of SBAC supervisory employees were taken within the scope of their employment, SBAC is responsible for their actions based upon the doctrine of *respondeat superior.*

43. As a direct and proximate result of the actions of SBAC, Ms. West has suffered and

will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

44. At all times material hereto, SBAC engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Ms. West so as to support an award of punitive damages.

45. The above-described acts by SBAC constitute discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 as codified under 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").

WHEREFORE, Plaintiff Rosanne Theresa West prays for judgment against Defendant School Board of Alleghany County d/b/a "Alleghany County Public Schools", and for equitable relief, compensatory damages, back pay, front pay, liquidated damages, punitive damages, together with prejudgment interest from the date of SBAC's failure to promote Ms. West, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,

**ROSANNA THERESA WEST**

/s/ Thomas E. Strelka_____
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA LAW OFFICE, PC
Warehouse Row

                                              119 Norfolk Avenue, S.W., Suite 330
                                              Roanoke, VA  24011
                                              Tel:  540-283-0802
                                              thomas@strelkalaw.com
                                              leigh@strelkalaw.com
                                              winston@strelkalaw.com
                                              brittany@strelkalaw.com
                                              monica@strelkalaw.com

                                              *Counsel for Plaintiff*